**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>               Petitioner,<br><br>   v.<br><br>THE SUPREME COURT OF CALIFORNIA,<br><br>               Respondent. | Case No. 1:14-cv-00318-AWI-SMS<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED WITHOUT LEAVE TO AMEND |

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the undersigned recommends that the petition be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases.

1     While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner
2 proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court
3 cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v.*
4 *Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

5     As to several claims, the court lacks habeas jurisdiction because petitioner only challenges a
6 condition of his confinement. Specifically, his first claim seeks "relief from the violation of my 8th
7 amendment. Torture".  The second claim, while referring to "violation of amendments five through
8 eleven or the constitution as a whole," again cites court officials "for soliciting torture against
9 petitioner." The fourth claim, again, seeks "restitution for inhumane treatment. RE: "UN
10 Convention Against Torture." Even if petitioner were successful in these challenges, such a result
11 would not shorten his sentence. Accordingly, this court lacks habeas jurisdiction over these claims.
12 *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a
13 successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). As
14 it is clear that petitioner cannot allege that the challenged conditions of confinement affect the
15 duration of his imprisonment, these claims will be dismissed without leave to amend. *See Lopez v.*
16 *Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (stating that an indigent prisoner proceeding without
17 counsel must be given leave to file amended complaint unless the court can rule out any possibility
18 that the plaintiff could state a claim). This order is without prejudice to petitioner filing a civil
19 rights action challenging the conditions of his confinement.

20     As to the third claim, petitioner fails to state a claim. Petitioner alleges that certain Supreme
21 Court employees "lied on Supreme Court denial … saying my writ was 'denied' 12/5/2013 when in
22 fact, the only dates are the date of 'filing' which is 12/5/2013." Petitioner has attached a printout of
23 the docket from the case in question. This docket shows that the petition was in fact denied on that
24 date. The claim is frivolous and presents no basis for federal habeas review.

25     The Court notes that Petitioner has an ongoing habeas action in *Hubbard v. Corcoran State*
26 *Prison*, Case No. 1:13-cv-01758-JLT-HC. Normally, when a new petition is filed before the
27 adjudication of a previously-filed petition is complete, the new petition is treated as a motion to amend
28 the petition in the previously-filed action. *Woods v. Carey*, 525 F.3d 886, 888-890 (9th Cir. 2008). Here,

however, the instant petition is wholly deficient in that there are no cognizable claims for relief. Therefore, it would be futile to construe the instant petition as a proposed amended petition in the previously-filed petition. (The same conclusion was reached in another habeas case that was filed by Petitioner in this Court. See *Hubbard v. State Bar of California*, Case No. 1:14-cv-00043 LJO GSA HC.)

**RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254. This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 26, 2014**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3